CODY HEATH WIGGINS

V.

WILLIAMSON COUNTY SHERIFF'S OFFICE

CASE NO. ______

AND

JEFF HUGHES

AND

CHAD YOUKER

AND

WILLIAMSON COUNTY

AND

CITY OF FRANKLIN

AND

MAYOR OF FRANKLIN

AND

JASPER DRISKILL

AND

TURNKEY MEDICAL

AND

MAGNOLIA PAFFORD

AND

COOL SPRINGS MARIOTT

AND

ASHLEY LINDQUIST

AND

SETH OBERMEYER

AND

STATE OF TENNESSEE

RECEIVED
OCT 02 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

## COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS

### JURISDICTION

PURSUANT TO 28 USC 1331, THE DISTRICT COURT SHALL HAVE ORIGINAL JURISDICTION OF ALL CIVIL ACTIONS ARISING UNDER THE CONSTITUTION, LAW OR TREATIES OF THE UNITED STATES.

PLAINTIFF, CODY HEATH WIGGINS, IS A CITIZEN + RESIDENT OF TENNESSEE + HAS BEEN FOR MORE THAN SIX MONTHS PRIOR TO FILING THIS COMPLAINT. THE ACTS COMPLAINED OF HAPPENED IN MIDDLE TENNESSEE.

### BACKGROUND

PLAINTIFF IS A PRETRIAL DETAINEE CURRENTLY INCARCERATED IN WILLIAMSON COUNTY JAIL IN FRANKLIN, TENNESSEE. HE HAS BEEN INCARCERATED AWAITING TRIAL ON HIS FIRST AND ONLY CRIMINAL CHARGES SINCE NOVEMBER 11, 2023. HE IS NOT CHARGED WITH A CAPITAL OFFENSE, BUT HIS BOND IS SET AT $3,550,000 + THE CIRCUIT COURT DENIED HIS REQUEST FOR REDUCTION. IT IS ALSO WORTH NOTING THAT THE GROSS NEGLIGENCE OF FRANKLIN POLICE DEPARTMENT'S INVESTIGATION RESULTED IN THE LOSS OF EXCULPATORY EVIDENCE. THIS MISCARRIAGE OF JUSTICE, ALONG WITH THE DENIAL OF HIS CIVIL + HUMAN RIGHTS WHILE INCARCERATED HAVE CAUSED SERIOUS PERSONAL INJURY TO THE PLAINTIFF THAT RESPONDENTS ARE LIABLE FOR.

## ISSUES

1) NONE OF THE EVILS LISTED HEREIN COULD HAVE BEEN PERPETRATED ON PLAINTIFF HAD HE NOT BEEN CONTINUALLY & SYSTEMATICALLY DENIED HIS CONSTITUTIONAL FREEDOM FROM EXCESSIVE BOND & DUE PROCESS OF LAW BY THE WILLIAMSON COUNTY JUDICIAL & LAW ENFORCEMENT SYSTEMS.

2) DEFENDANT FRANKLIN POLICE DEPARTMENT FAILED TO COLLECT & PRESERVE CLEARLY EXCULPATORY EVIDENCE THAT WAS READILY AVAILABLE TO THEM AT THE TIME PLAINTIFF WAS TAKEN INTO CUSTODY DESPITE SEARCHING & SEIZING OBVIOUSLY IRRELEVANT PROPERTY FROM THE NEXT COUNTY-OVER IN ORDER TO MAKE DEFENDANT'S CASE FOR EXCESSIVE BOND APPEAR MORE LEGITIMATE & TO PREJUDICE THE JUSTICE SYSTEM AGAINST THE PLAINTIFF, ALL WITHOUT DUE PROCESS OF LAW.

3) JUDGES & PROSECUTORS ELECTED BY MEMBERS OF WILLIAMSON COUNTY, TENNESSEE & ITS CITY OF FRANKLIN DENIED PLAINTIFF'S MOTION TO DISMISS DUE TO THE STATE'S FAILURE TO COLLECT & PRESERVE EXCULPATORY EVIDENCE IN HIS CASE ON THE SOLE BASIS OF PLAINTIFF BEING REPRESENTED BY APPOINTED COUNSEL THAT WAS OBVIOUSLY INEFFECTIVE AT THE TIME OF THE MOTION'S FILING.

4) PLAINTIFF'S APPOINTED COUNSEL COLLUDED WITH THE PROSECUTION IN ORDER TO DEPRIVE HIM OF A FUNDAMENTALLY FAIR TRIAL & OF CONTACT WITH HIS CHILDREN.

5) THE MARIOTT HOTEL IN COOL SPRINGS, TENNESSEE DID NOT POSSESS WORKING SECURITY CAMERAS VIEWING THE HOTEL'S COURTYARD, DEPRIVING PLAINTIFF OF CRUCIAL EVIDENCE IN HIS CRIMINAL CASE. ALSO, THE HOTEL HIRED & MAINTAINED BARTENDERS WHO APPARENTLY CONTINUED TO SERVE ALCOHOL TO THE PLAINTIFF WHILE HE WAS OBVIOUSLY SEVERELY IMPAIRED & UNABLE TO PROVIDE CONSENT.

6) DESPITE MULTIPLE REQUESTS TO VOTE IN ELECTIONS, PLAINTIFF, WHO IS STATUTORILY ELIGIBLE TO EXERCISE THIS RIGHT HAS BEEN DENIED IT TIME AND AGAIN AND GRIEVANCES & REQUESTS REGARDING THIS ISSUE HAVE BEEN DISMISSED & GRIEVANCES HAVE BEEN CONVERTED TO REQUESTS BY JAIL STAFF ON MULTIPLE OCCASIONS IN ORDER TO DEPRIVE PLAINTIFF OF HIS RIGHT [illegible] ALL GRIEVANCES HE FILES.

Case 3:26-cv-01410 Document 1 Filed 10/02/26 Page 2 of 27 PageID #: 2

7) FOR THE MORE THAN THIRTY THREE MONTHS PLAINTIFF HAS BEEN CONFINED IN THE WILLIAMSON COUNTY JAIL AWAITING TRIAL, HE HAS BEEN ALMOST ENTIRELY DENIED ACCESS TO OUTSIDE RECREATION OPPORTUNITIES + REASONABLE ACCESS TO SAFE EXERCISE OPPORTUNITIES, SERIOUSLY + NEGATIVELY AFFECTING HIS PHYSICAL + MENTAL HEALTH.

8) INEFFECTIVE ASSISTANCE OF APPOINTED COUNSEL HAS DEPRIVED PLAINTIFF OF HIS RIGHT TO A SPEEDY TRIAL.

9) FOR MORE THAN TWO YEARS OF HIS INCARCERATION, PLAINTIFF WAS CONFINED, NOT TO A CELL, BUT TO A 7' X 2' BUNK FOR MORE THAN TEN HOURS CONTINUOUSLY EACH NIGHT + OFTEN FOR HOURS DURING THE DAY, AND AT LEAST THREE TIMES TO EXCEED TWENTY-FOUR HOURS EACH. THE TWENTY-FOUR-PLUS-HOUR "LOCKDOWNS" WERE PUNITIVE IN NATURE AND MADE THE ENVIRONMENT MORE DANGEROUS, SINCE EVERYONE BLAMED EACH OTHER FOR BEING PLACED ON LOCKDOWN, LEADING TO INMATE VIOLENCE THAT MADE PLAINTIFF FEAR FOR HIS SAFETY.

10) PLAINTIFF'S SINCERELY-HELD RELIGIOUS BELIEFS HAVE BEEN INFRINGED UPON BY JAIL STAFF + ADMINISTRATION, MOST NOTABLY BY THE 2025 "BIBLE BAN," BUT ALSO FROM DEPRIVING PLAINTIFF THE RIGHT TO WORSHIP WITH MULTIPLE DENOMINATIONS WITHIN THE CHRISTIAN RELIGION + DENYING HIS RIGHT TO PRACTICE OLD TESTAMENT DIETARY LAWS.

11) PLAINTIFF HAS BEEN DENIED MEANINGFUL (AND SOMETIMES TOTAL) ACCESS TO LIBRARY SERVICES, LEARNING MATERIALS + THE LAW LIBRARY THROUGHOUT THIS PERIOD OF CONFINEMENT.

12) ON MORE THAN ONE OCCASION, PLAINTIFF'S PROPERTY HAS BEEN SEARCHED WITHOUT HIM PRESENT + JAIL STAFF HAVE DESTROYED, CONFISCATED + SCATTERED PLAINTIFF'S PAPERWORK — INCLUDING LEGAL PAPERWORK RELATING TO THIS SUIT + HIS CRIMINAL CASE — IN ORDER TO OBSTRUCT JUSTICE.

13) JAIL STAFF COMMONLY READS PLAINLY-LABELED LEGAL (AS WELL AS PERSONAL) MAIL, WHETHER IT IS INCOMING OR OUTGOING, EVEN WHEN CLEARLY ADDRESSED TO AN ATTORNEY'S OFFICE [illegible]

ITS DELIVERY. PERHAPS THE MOST GRIEVOUS EXAMPLE OF THIS WAS JAIL STAFF'S LOSS OR DESTRUCTION OF PLAINTIFF'S WRIT FOR HABEAS CORPUS RELIEF WHICH HE HANDED-OVER TO DEPUTIES FOR DELIVERY ON 3/16/2026; HOWEVER, WHILE WORKING AS A TRUSTEE, PLAINTIFF PERSONALLY WITNESSED DEPUTIES READING HIS & OTHER INMATES' SEALED & PLAINLY-LABELED LEGAL MAIL.

14) UNLAWFUL CONFINEMENT WITHOUT REASONABLE & AFFORDABLE BOND HAS SUBJECTED PLAINTIFF TO PUNISHMENT PRIOR TO CONVICTION, A DENIAL OF HIS PRESUMPTION OF INNOCENCE & HAS RESULTED IN THE FORFEITURE OF ALL OF HIS PROPERTY — INCLUDING IRREPLACEABLE INTELLECTUAL PROPERTY, HIS LIFE-SAVINGS, HIS HOME & ALL CONTACT WITH HIS CHILDREN. PLAINTIFF HAS ALSO BEEN SUBJECTED TO CRUEL & UNUSUAL PUNISHMENT AT THE HANDS OF HIS CAPTORS.

15) FOR MORE THAN TWO YEARS, WHILE CONFINED TO HIS 7'x2' BUNK, PLAINTIFF WAS FORCED TO WATCH A FIFTEEN-MINUTE PRISON RAPE ELIMINATION ACT VIDEO ON REPEAT EACH NIGHT FOR MORE THAN TWO HOURS CONTINUALLY AT A VERY LOUD VOLUME. PRESENTLY, HE IS SUBJECTED TO THIS VIDEO FOR TWO HOURS ON THURSDAY EVENING EACH WEEK.

16) THE GRIEVANCE SYSTEM OFFERED TO INMATES IS UTTERLY ARBITRARY. PLAINTIFF HAS BEEN CONSISTENTLY DENIED HIS RIGHT TO ONE LEVEL OF APPEAL FOR EACH FILED GRIEVANCE & HAS EVEN BEEN PUNISHED FOR ASSERTING HIS RIGHT. ADMINISTRATORS' RESPONSES ARE ARBITRARY & OFTEN FAIL TO ADDRESS THE ISSUES OF THE GRIEVANCE, INSTEAD FOCUSING ON ATTACKING THE FILER OR ONE PHRASE FROM THE GRIEVANCE. LISTING MULTIPLE ISSUES IN THE SAME GRIEVANCE IS NOT ALLOWED & INMATES ARE TOLD TO "FILE MULTIPLE GRIEVANCES" WHEN MULTIPLE WRONGS HAVE BEEN COMMITTED, DESPITE A RESTRICTION ON THE GRIEVANCE SYSTEM TO ONLY BE ALLOWED TO FILE ONE GRIEVANCE IN EACH CATEGORY. JAIL ADMINISTRATION PLACES A SIGNIFICANT BURDEN ON INMATES' ABILITIES TO FILE GRIEVANCES, SOMETIMES CHANGES THOSE GRIEVANCES TO REQUESTS & NEVER ACTUALLY ADMITS WRONGDOING OR CORRECTS THE ISSUES. PLAINTIFF & OTHER INMATES HAVE ALSO BEEN RETALIATED AGAINST FOR FILING GRIEVANCES & [illegible]ING THE SYSTEM AS A RESULT

Case 3:26-cv-01410 Document 1 Filed 10/02/26 Page 4 of 27 PageID #: 4

17) PLAINTIFF HAS BEEN DISCRIMINATED-AGAINST BY STAFF ON THE BASIS OF HIS CHRISTIAN FAITH, HIS RACE + HIS DISABILITY STATUS.

18) DISCIPLINARY BOARD PROCEDURES ARE ARBITRARY AND HAVE RESULTED IN UNDUE STRESS ON THE PLAINTIFF.

19) PLAINTIFF'S LEGALLY-FILED FREEDOM OF INFORMATION ACT + TENNESSEE PUBLIC RECORDS ACT REQUESTS HAVE BEEN SYSTEMATICALLY DENIED ON FALSE PRETENSES DEFENDANTS KNEW OR REASONABLY SHOULD HAVE KNOWN AT THE TIME + IGNORED BY STAFF INCLUDING THE SHERIFF.

20) REQUESTS FOR TCI (TENNESSEE CORRECTIONAL INSTITUTE) + OTHER AGENCIES' CONTACT INFORMATION HAVE BEEN DENIED BY JAIL ADMINISTRATION + STAFF, FURTHER OBSTRUCTING PLAINTIFF'S PRAYERS FOR RELIEF.

21) PLAINTIFF WAS DENIED COPIES OF HIS GRIEVANCES AND REQUESTS. + WHEN HE WAS FINALLY PROVIDED SOME COPIES, + WAS CHARGED NEARLY FIFTY DOLLARS FOR THEM, IT WAS DISCOVERED THAT THE MAJORITY OF GRIEVANCES + REQUESTS THAT WERE ASKED-FOR BY PLAINTIFF WERE NOT INCLUDED AND INSTEAD, THE PAPERS WERE FILLED WITH IRRELEVANT DUPLICATES THAT PLAINTIFF WAS CHARGED MONEY FOR.

22) PLAINTIFF WAS DENIED HIS RIGHT TO FILE POLICE REPORTS IN RELATION TO THEFTS THAT HE WAS VICTIM TO.

23) PLAINTIFF'S DORM WAS OVERCROWDED FOR SEVERAL DAYS ON AND AROUND AUGUST 4, 2025, WHEN MORE THAN THIRTY-THREE PEOPLE WERE CONFINED IN HIS DORM THAT FITS NO MORE THAN THIRTY, WITH ACCESS TO FOUR TOILETS THAT CANNOT BE USED MORE FREQUENTLY THAN FIVE MINUTES APART AND TWO SHOWERS (ONLY ONE OF WHICH WORKED PROPERLY).

24) PLAINTIFF IS AFFORDED A RAZOR TO SHAVE WITH ONLY ONCE PER WEEK + DOES NOT HAVE ACCESS TO A PROFESSIONAL BARBER, WHICH IS NECESSARY TO MAINTAINING APPEARANCES FOR COURT.

25) INMATES, INCLUDING THOSE DECLARED INDIGENT BY THE TRIAL COURT ARE FORCED TO PURCHASE ENVELOPES + STAMPS AS WELL AS, PENS AND PAPER AND EVEN TOILET PAPER, AND TO PAY TAXES + FEES ON THESE ITEMS WHICH SHOULD BE FREELY PROVIDED

Case 3:26-cv-01410 Document 1 Filed 10/02/26 Page 5 of 27 PageID #: 5

26) WILLIAMSON COUNTY JAIL IS AN AGNOSTIC & HOMOSEXUAL ENCLAVE WHERE CHRISTIANS & STRAIGHT, WHITE MEN ARE PUNISHED FOR THEIR PREDISPOSITIONS & ARE SUBJECTED TO VOYERISM, SEXUAL HARASSMENT & DISCRIMINATION. ON TWO OCCASIONS IN PARTICULAR, PLAINTIFF WAS SUBJECTED TO STRIP SEARCHES FOR HIS TRUSTEE JOB IN WHICH DEPUTIES MADE HIM (BUT <u>NOT</u> THE THREE OTHER INMATES BEING STRIP SEARCHED SIMULTANEOUSLY) BEND OVER AT THE WAIST AND TO SPREAD HIS BUTT CHEEKS, CLEARLY AS A MEANS OF HUMILIATION & ONE OF THE DEPUTIES STATED PLAINLY THAT IF PLAINTIFF DIDN'T LIKE IT, HE SHOULDN'T COME TO JAIL.

27) THE DIET AT THE JAIL IS DEVOID OF ALL NUTRITIONAL VALUE & VITAMIN SUPPLEMENTS ARE NEITHER OFFERED NOR PROVIDED. ACCORDING TO THE JAIL'S NURSE PRACTITIONER, THE JAIL DIET WAS RESPONSIBLE FOR HIS LIVER ENZYMES BEING ELEVATED TO OVER FOUR TIMES THE HEALTHY RANGE. DESPITE THESE TOXIC LEVELS, STAFF WAS ~~[illegible]~~ UNWILLING TO EVEN LOOK INTO CHANGING HIS DIET TO PREVENT FURTHER DAMAGE OR TO PROTECT HIS HEALTH. HE IS STILL EXPERIENCING SEVERE DIGESTIVE ISSUES DIRECTLY ASSOCIATED WITH THE DIET.

28) ON 7/12/2026, SERGEANT VARNI, THE SHIFT SUPERVISOR FOR THE NIGHT, RELUCTANTLY REFILLED THE ONLY WATER AVAILABLE TO WORKING TRUSTEES WITH A SPRAY NOZZLE THAT SITS IN THE FLOOR DRAIN AND IS COVERED WITH MOLD & DEBRIS, RESULTING IN DISGUSTING PARTICLES FLOATING IN THE WATER WHICH MADE PLAINTIFF SICK. THIS WAS DONE AS RETALIATION FOR BEING FOUND "NOT GUILTY" OF FALSE ACCUSATIONS MADE BY DEPUTIES UNDER HIS CHARGE A FEW DAYS PRIOR.

29) THE JAIL IS FILLED WITH MOLD THAT IS UNADDRESSED BY ADMINISTRATORS & STAFF.

30) PLAINTIFF, WHO HAS NEVER BEEN FOUND GUILTY OF ANY OFFENSE OR RULE VIOLATION WAS DENIED THE ABILITY TO WORK FOR YEARS WHILE OTHERS WHO HAD WRITE-UPS & WERE HABITUAL OFFENDERS & WHO HAD CHARGES INCLUDING MURDER & WERE HELD ON NO BOND WERE ALLOWED TO WORK & TO HOLD JOBS PLAINTIFF WAS TOLD HE WAS NOT ELIGIBLE FOR EVEN AFTER HE WAS FINALLY ALLOWED TO WORK. ONCE ALLOWED TO WORK, STAFF TARGETED HIM, SHOOK HIM (PERSONALLY) DOWN & [illegible]

HAD HIM PLACED IN SEGREGATION AS A RESULT & GAVE HIM THE ONLY JOB THAT REQUIRES HIM TO WORK THROUGHOUT THE WHOLE NIGHT DESPITE THEIR KNOWLEDGE OF HIS VOLUNTEERING AS A GED TUTOR AND PARTICIPATION IN REHABILITATIVE PROGRAMS IN HOPES HE WOULD QUIT AFTER HE ALLEGED DISCRIMINATION BASED ON HIS STATUS AS A DISABLED VETERAN. IT WAS ONLY AFTER ALLEGING DISCRIMINATION ON THEIR GROUNDS THAT PLAINTIFF WAS PERMITTED TO WORK IN THE FIRST PLACE.

31) ON 7/27/2026, PLAINTIFF WAS RETALIATED-AGAINST WHEN HE WAS REMOVED FROM THE WORK POD & PLACED BACK INTO GENERAL POPULATION FOR FILING A GRIEVANCE. THEN, ON 7/31/2026, HE WAS RETALIATED-AGAINST FOR HIS PERCEIVED ROLE IN A LEGITIMATE LAWSUIT BY BEING PLACED IN THE ADMINISTRATIVE SEGREGATION DORM WITH ONLY TWO OTHER OCCUPANTS WHO ARE ALSO VICTIMS OF RETALIATION, FOR A TIME WITHOUT PHONE & TABLET ACCESS, WITH ONLY THE PUBLIC BROADCASTING STATION & PRISON RAPE ELIMINATION ACT CHANNELS & NEXT DOOR TO CONVICTED SEX OFFENDERS OF WHOM PLAINTIFF IS GRAVELY AFRAID.

32) PLAINTIFF IS AFRAID OF JAIL STAFF & ADMINISTRATORS DUE TO THINGS HE HAS BEEN SUBJECTED TO & HAS WITNESSED. SOME ISSUES AMOUNT TO NEGLIGENCE & RECKLESSNESS ON BEHALF OF STAFF & OTHERS ARE THE RESULT OF A WILLFUL DISREGARD FOR INMATE HEALTH & SAFETY. PLAINTIFF HAS WITNESSED THE BRUTAL PHYSICAL ABUSE OF INMATES BY JAIL STAFF & HAS BEEN SUBJECTED TO VERBAL & EMOTIONAL ABUSE AT THEIR HANDS. HE HAS BEEN PLACED IN CELLS WITH INSANE INMATES THAT WERE ON PROPERTY RESTRICTION & REPORTS OF INMATE VIOLENCE & THREATS OF VIOLENCE HAVE BEEN CONTINUALLY IGNORED BY STAFF & ADMINISTRATION. PLAINTIFF WAS EVEN CAUGHT IN THE MIDDLE OF A RACE-CONFLICT THAT MADE HIM FEAR FOR HIS LIFE BECAUSE OF JAIL STAFF. HE HAS BEEN PLACED IN DORMS WITH INMATES SUFFERING FROM COMMUNICABLE DISEASES INCLUDING HIV, AIDS & HEPATITIS. MASS PUNISHMENT TACTICS & FORCING INMATES TO POLICE THEMSELVES HAS CREATED A HOSTILE LIVING ENVIRONMENT. WASHING LAUNDRY WITHOUT ANY CLEANING AGENT OR USING THE HARMFUL CLEANING AGENT RAZOR CITRUS [illegible] LABELED [illegible] SAME CHEMICAL AS THE [illegible]

AGENT "SIMPLE GREEN" (WHICH IT IS NOT) IN VIOLATION OF OSHA & EPA STANDARDS PUTS INMATES AT RISK OF SERIOUS PHYSICAL HEALTH PROBLEMS. PLACING PLAINTIFF IN A CELL COVERED WITH URINE & FECES FOR MORE THAN TWELVE HOURS, FORCING PLAINTIFF TO HANDLE ITEMS CONTAMINATED WITH FECES & BODILY FLUIDS WITHOUT PROPER PERSONAL PROTECTIVE EQUIPMENT & LEAVING FECES-SOAKED UNIFORMS IN THE DORM, FEET FROM LIVING & DINING AREAS HAVE PLACED PLAINTIFF IN DANGER OF SERIOUS HEALTH ISSUES. ADDITIONALLY, RUNNING INMATES THROUGH THE AIRPLANE-STYLE X-RAY MACHINE EXCESSIVELY PLACES INMATES AT INCREASED RISK OF CANCER & IS NEEDLESSLY REDUNDANT IN LIGHT OF THE REQUISITE PAT-DOWNS & STRIP SEARCHES REQUIRED EACH TIME AN INMATE RETURNS TO THE POD FROM WORK. STAFF MEMBERS' DISCLOSURE OF INMATE GRIEVANCE INFORMATION ALSO PLACES INMATES AT SIGNIFICANT RISK OF BODILY HARM FROM RETALIATION BY OTHER INMATES OR STAFF MEMBERS & THIS HAS MADE PLAINTIFF FEAR FOR HIS LIFE ON MULTIPLE OCCASIONS WITHIN THIS FACILITY.

33) MEDICAL STAFF HAS BEEN WEAPONIZED AGAINST PLAINTIFF ON MULTIPLE OCCASIONS, MOST NOTABLY WHEN HE WAS UNLAWFULLY & UNREASONABLY PLACED ON SUICIDE WATCH (TWICE) WITH NO JUSTIFICATION FOR PLACING HIM ON SUCH RESTRICTION.

34) PLAINTIFF HAS BEEN DENIED ALL DENTAL & VISION CARE & ALL PSYCHOLOGICAL TREATMENT (EXCEPT MEDICATION) FOR THE ENTIRETY OF HIS CONFINEMENT, RESULTING IN SEVERE & DEBILITATING PAIN, STRESS & WORSENING CONDITIONS. PLAINTIFF'S DIGESTIVE ISSUES HAVE ALSO BEEN ENTIRELY IGNORED BY MEDICAL STAFF & HE ENDURED A MONTHS-LONG RASH THAT COEXISTED WITH SEVERE JOINT PAIN THAT MEDICAL STAFF REFUSED TO ADDRESS & HANDLED NEGLIGENTLY. MEDICAL STAFF HAS GIVEN PLAINTIFF THE WRONG MEDICATION MORE THAN ONCE AND HAS CHARGED HIM FOR MEDICATION HE DID NOT CONSENT-TO & NEVER RECEIVED. THEY HAVE IGNORED HIS SERVICE-CONNECTED DISABILITIES & HAVE MINIMIZED HIS CHRONIC CONDITIONS. THERE IS NO PRIVACY, AS A DEPUTY OR DEPUTIES ARE ALWAYS PRESENT & THEY ARE SOMETIMES EVEN ALLOWED TO RESPOND TO MEDICAL GRIEVANCES.

35) DETECTIVES & PROSECUTORS DEFAMED PLAINTIFF TO HIS (NOW EX) WIFE & PRESSURED HER UNETHICALLY, RESULTING IN DIVORCE & DAMAGED RELATIONSHIPS.

Case 3:26-cv-01410 Document 1 Filed 10/02/26 Page 8 of 27 PageID #: 8

## ELEMENTS APPLIED

1) EXCESSIVE BAIL AND DENIAL OF RIGHTS TO DUE PROCESS. DEFENDANTS IN ALL EXCEPT CAPITAL CASES ARE GUARANTEED FREEDOM FROM EXCESSIVE BAIL BY BOTH, THE 8TH AMENDMENT OF THE U.S. CONSTITUTION & ARTICLE I § 16 OF THE TENNESSEE CONSTITUTION. LIKEWISE, FEDERAL COURTS HAVE STATED, "IT WOULD BE UNCONSTITUTIONAL TO FIX EXCESSIVE BAIL TO ASSURE A DEFENDANT WILL NOT GAIN HIS FREEDOM." (BANDY V. UNITED STATES, 364 U.S. 477, 81 S. CT. 197, 5 L. Ed 2d 218) THE PURPOSE OF PRETRIAL BAIL/BOND IS TO ENSURE A DEFENDANT IN A CRIMINAL PROCEEDING RETURNS TO COURT — NOT TO DEPRIVE THEM OF LIFE, LIBERTY & THE PURSUIT OF HAPPINESS AND TO SUBJECT THEM TO PUNISHMENT PRIOR TO CONVICTION, AS HAS BEEN DONE IN THIS PRESENT CASE. THE COURT OF CRIMINAL APPEALS of TENNESSEE FOUND THAT A DEFENDANT'S CONFINEMENT ON $25,000 BOND FOR THREE MONTHS WAS "TANTAMOUNT TO A DENIAL OF BOND" ALTOGETHER. (STATE EX REL. HEMBY V. O'STEEN, 559 S.W. 2d 340 (TENN. CRIM. APP. 1977)) IN THIS PRESENT CASE, PLAINTIFF'S BOND WAS SET AT $3,500,000 BY THE MAGISTRATE, INCREASED TO $3,550,000 BY THE CIRCUIT COURT JUDGE FOUR MONTHS LATER & A REDUCTION WAS DENIED BY THE TRIAL JUDGE EIGHT MONTHS AFTER HIS ARREST DESPITE HIS INDIGENCY AT THE TIME OF HIS ARREST & THROUGHOUT HIS CONFINEMENT. PLAINTIFF HAS BEEN CONTINUALLY INCARCERATED AS A PRETRIAL DETAINEE WHO HAS NEVER BEEN CONVICTED OF ANY CRIME & WHO IS NOT ACCUSED OF A CAPITAL OFFENSE WITH PRETRIAL BOND HE OBVIOUSLY CANNOT (AND NEVER COULD) AFFORD. PRIOR TO INCARCERATION HE WORKED AS A FLORIDA PUBLIC SCHOOL TEACHER EARNING $47,500 PER YEAR & WAS DECLARED INDIGENT BY THE TRIAL COURT THAT DENIED (AND CONTINUES TO DENY) REDUCING HIS BOND TO SOMETHING HE CAN AFFORD. BECAUSE OF THIS DENIAL OF BOND, PLAINTIFF IS CLEARLY BEING PUNISHED PRIOR TO CONVICTION (HE HAS BEEN INCARCERATED SINCE NOVEMBER 11, 2023) & IS BEING SUBJECTED TO CRUEL & UNUSUAL PUNISHMENT & ADDITIONAL DUE PROCESS VIOLATIONS AS A RESULT.

2) DUE PROCESS — EXCULPATORY EVIDENCE / SEARCH & SEIZURE. ARRESTING OFFICERS FAILED TO COLLECT OR PRESERVE EXCULPATORY EVIDENCE IN ORDER TO DEPRIVE PLAINTIFF OF A FAIR TRIAL. DESPITE HIS OBVIOUS, SEVERE IMPAIRMENT, OFFICERS MADE NO EFFORT TO ASCERTAIN THE SOURCE OR LEVEL OF HIS IMPAIRMENT, NEITHER THROUGH BLOOD TOXICOLOGY TESTING OR BREATHALYZER TESTING THAT ARE

INEXPENSIVE & ROUTINELY PERFORMED. THIS EVIDENCE HAD EXCULPATORY VALUE THAT WAS EVIDENT AT THE TIME OF HIS ARREST, IT IS IRREPLACEABLE & NO COMPARABLE EVIDENCE EXISTS TO DEFINITIVELY PROVE WHETHER HIS INTOXICATION WAS VOLUNTARY OR INVOLUNTARY NOR THE DEGREE OF HIS INTOXICATION, & THE DESTRUCTION OF SAID EVIDENCE WAS DONE IN BAD FAITH BY ARRESTING OFFICERS IN LIGHT OF PLAINTIFF'S SEVERE IMPAIRMENT THAT WAS OBVIOUS AT THE TIME & ITS APPARENT EXCULPATORY VALUE. LIKEWISE, ARRESTING OFFICERS INCLUDING KYLE BRINK SEARCHED AN AIRBNB THE NEXT COUNTY OVER, WHICH HAD NOTHING TO DO WITH THE ALLEGATIONS AGAINST THE PLAINTIFF, & THEY SEIZED HIS PROPERTY, INCLUDING A FIREARM NOT EVEN ALLEGEDLY USED IN THE OFFENSE & HIS CLOTHES & WORK & PERSONAL LAPTOPS CONTAINING IRREPLACEABLE INTELLECTUAL PROPERTY (NONE OF WHICH WAS ALLEGEDLY USED IN THE CRIMINAL OFFENSE), DISPOSING OF THE PERSONAL PROPERTY EXCEPT THE FIREARM, WHICH THEY ADMITTED INTO EVIDENCE & USED TO JUSTIFY PLAINTIFF'S EXCESSIVE BOND AT HIS JULY 1, 2024 BOND REDUCTION HEARING. THE PREDOMINANT CASE GOVERNING ISSUES OF THE STATE'S FAILURE TO COLLECT OR PRESERVE EVIDENCE IS STATE V. FERGUSON, 2 S.W. 3d 912 (TENN. 1999) AND THE ISSUES OF SEARCH & SEIZURE ARE GOVERNED BY THE 4TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I § 7 OF THE TENNESSEE CONSTITUTION.

3) PLAINTIFF FILED A MOTION TO DISMISS IN THE CIRCUIT COURT OF WILLIAMSON COUNTY, TENNESSEE ON THE BASES OF THE STATE'S FAILURE TO COLLECT OR PRESERVE EXCULPATORY EVIDENCE & ON RIGHTS TO FREEDOM FROM EXCESSIVE BAIL & PUNISHMENT PRIOR TO CONVICTION, PURSUANT TO STATE V. FERGUSON, 2 S.W. 3d 912 (TENN. 1999), ARTICLE I § 15 & 16 OF THE TENNESSEE CONSTITUTION, THE 8TH AMENDMENT OF THE U.S. CONSTITUTION & THE 14TH AMENDMENT OF THE U.S. CONSTITUTION, RESPECTIVELY.

4) PLAINTIFF'S APPOINTED COUNSEL WAS & IS INEFFECTIVE & THE TRIAL JUDGE DECLARED FROM THE BENCH THAT SHE WOULD NOT APPOINT ANOTHER IF HIS PRESENT ATTORNEY WITHDRAWS. HIS PUBLIC DEFENDER, JAMES ELKINS, COLLUDED WITH PROSECUTORS TO SABOTAGE HIS RIGHT TO A FAIR & SPEEDY TRIAL & TO BOND, AND ALSO TO CONVINCE HIS WIFE TO FILE FOR DIVORCE & TO STOP ALLOWING HIM & HIS FAMILY TO CONTACT HIS MINOR CHILDREN. THIS QUALIFIES AS CRUEL & UNUSUAL PUNISHMENT UNDER THE 8TH AMENDMENT OF THE U.S. CONSTITUTION, PUNISHMENT PRIOR TO CONVICTION UNDER THE 14TH AMENDMENT & RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL & SPEEDY TRIAL UNDER THE 6TH AMENDMENT.

Case 3:26-cv-01410 Document 1 Filed 10/02/26 Page 10 of 27 PageID #: 10

5) THE MARIOTT IN COOL SPRINGS, TENNESSEE DID NOT POSSESS SECURITY CAMERAS VIEWING THE COURTYARD OR PARKING LOT OF THE HOTEL FOR GUESTS' SAFETY. THIS VIDEO FOOTAGE WOULD HAVE BEEN CRITICAL TO PLAINTIFF'S DEFENSE IN HIS CRIMINAL CASE. LIKEWISE, BARTENDERS EMPLOYED BY THE HOTEL CONTINUED SERVING THE PLAINTIFF ALCOHOL — ACCORDING TO WITNESSES — AFTER HIS IMPAIRMENT WAS OBVIOUS & HE COULD NOT CONSENT.

6) PLAINTIFF HAS BEEN CONTINUOUSLY INCARCERATED IN WILLIAMSON COUNTY JAIL IN FRANKLIN, TENNESSEE & IS THEREFORE A CITIZEN & RESIDENT OF THE STATE OF TENNESSEE, WHERE HE PHYSICALLY RESIDES & RECEIVES HIS LEGAL & PERSONAL MAIL. LIKEWISE, PLAINTIFF IS NOT A FELON, IS OVER THE AGE OF EIGHTEEN & IS STATUTORILY ELIGIBLE TO VOTE. HE HAS CONTINUALLY ASKED TO VOTE IN ELECTIONS, INCLUDING THE 2024 PRESIDENTIAL ELECTION, CONGRESSIONAL MIDTERMS, LOCAL ELECTIONS & THE GUBANATORIAL ELECTIONS IN TENNESSEE, BUT THE JAIL CONTINUES TO DENY HIM THIS RIGHT. THEY HAVE EVEN GONE SO FAR AS TO MOVE HIS GRIEVANCES PERTAINING TO VOTING TO THE "REQUEST" SYSTEM, FOR WHICH THERE IS NO OPTION TO APPEAL. THIS IS AN OBVIOUS VIOLATION OF HIS RIGHT TO VOTE, WHICH IS PROTECTED BY THE U.S. & TENNESSEE CONSTITUTIONS, & IS DEFINITIVE PROOF OF PLAINTIFF'S PUNISHMENT PRIOR TO CONVICTION IN VIOLATION OF THE 14TH AMENDMENT, SINCE PLAINTIFF IS CLEARLY BEING TREATED LIKE A FELON <u>YEARS</u> BEFORE HE IS EVEN GIVEN THE OPPORTUNITY TO DEFEND HIMSELF IN COURT. IT IS A DUE PROCESS VIOLATION. PLAINTIFF IS AN HONORABLY DISCHARGED MARINE CORPS VETERAN WHO WAS DISABLED IN SERVICE TO A COUNTRY THAT IS NOW DENYING HIM A FUNDAMENTAL RIGHT.

7) PLAINTIFF HAS BEEN SUBJECTED TO A NEAR-TOTAL DENIAL OF OUTSIDE RECREATION OPPORTUNITIES. FOR THE MORE THAN THIRTY THREE MONTHS, HE HAS BEEN PERMITTED OUTSIDE RECREATION LESS THAN TWO HOURS (TOTAL) — IN INCREMENTS OF TEN TO FIFTEEN MINUTES ONCE EVERY SEVERAL MONTHS, IN A WALLED-IN COURTYARD WITH A CONCRETE FLOOR. EVEN IF EXERCISE WERE NOT AN ISSUE, IN THE POST-COVID WORLD, THERE IS SUBSTANTIAL EVIDENCE & SCIENTIFIC & MEDICAL CONSENSUS RELATING TO ACCESS TO SUNLIGHT & THE OUTDOORS. HUMANS WERE NOT MADE [illegible]

BIOLOGICAL ELEMENTS THAT CAN SOMETIMES THREATEN US WHEN WE ARE MOST VULNERABLE. BUT OUR CIRCADIAN RHYTHMS ARE SET TO THE SUN; IT IS THE SOURCE OF ESSENTIAL VITAMINS & MINERALS & FRESH, OUTSIDE AIR IS WHAT OUR LUNGS WERE MEANT TO TAKE-IN — NOT THE AIR FROM MOLD, RUST & MILDEW-INFESTED VENTS & DUCTS OF THIS FORTY YEAR OLD JAIL. "CABIN FEVER," "WINTER BLUES" & "SEASONAL AFFECTIVE DISORDER" ARE REAL. LACK OF SUNLIGHT & FRESH AIR LEAD TO DEPRESSION, ANXIETY, INCREASED RISK OF SUICIDE & OTHER PHYSICAL & MENTAL HEALTH CONDITIONS, EVEN WHEN THE SUFFERER IS AROUND FRIENDS & FAMILY. THESE ISSUES WOULD LOGICALLY BE EXACERBATED IN A PENALOGICAL SETTING WHERE INSURMOUNTABLE STRESS ALSO EXISTS. THIS NEAR-TOTAL DEPRIVATION OF OUTDOOR RECREATION DRAMATICALLY INCREASED PLAINTIFF'S DEPRESSION & ANXIETY SYMPTOMS, FOR WHICH HE HAS BEEN DENIED ADEQUATE MEDICAL CARE. IT IS ALSO WORTH NOTING THAT THE WINDOWS ARE DOUBLE-PANED & VIRTUALLY USELESS AS WINDOWS, PARTICULARLY SINCE THEY ARE RUSTED & PAINTED-OVER. NEAR-TOTAL CONFINEMENT INDOORS IS OBVIOUSLY CRUEL & UNUSUAL PUNISHMENT IN VIOLATION OF THE 8TH AMENDMENT OF THE U.S. CONSTITUTION & THE 14TH AMENDMENT (SINCE PLAINTIFF IS NOT YET CONVICTED OF ANY CRIMES & IS BEING PUNISHED WITHOUT DUE PROCESS), BUT IT IS ALSO A VIOLATION OF PLAINTIFF'S SINCERELY-HELD RELIGIOUS BELIEFS TO HAVE ACCESS TO NATURE THAT GOD GAVE HIS PEOPLE DOMINION OVER & ORDERED THEM TO CARE FOR & SUBDUE. STILL, EXERCISE IS AN ISSUE IN THIS CASE, SINCE IN THE DORMITORIES PLAINTIFF WAS CONFINED IN FOR MORE THAN TWO CONSECUTIVE YEARS DO NOT REASONABLY ACCOMMODATE EXERCISE. EXERCISING BETWEEN THE BUNKS IN OPEN-BAY DORMITORIES IS DANGEROUS & LEADS TO FIGHTS WITH OTHER INMATES. THE DAY ROOM IS FILLED WITH TABLES, WITH PEOPLE EATING, WORKING & PLAYING CARDS AT THE TABLES, PEOPLE WALKING OR USING THE KIOSK & GANG MEMBERS GATHERING FOR MEETINGS. IT IS DANGEROUS & VIRTUALLY IMPOSSIBLE TO EXERCISE IN THE DAY ROOM. LIKEWISE, INMATES ARE NOT ALLOWED TO USE THE FURNITURE FOR EXERCISE & CARDIOVASCULAR EXERCISE ARE PROHIBITED. LACK OF ABILITY TO REASONABLY & PROPERLY EXERCISE, IN CONJUNCTION WITH NO ACCESS TO SUNLIGHT OF FRESH AIR & A DIET DEVOID OF NUTRITIONAL VALUE HAVE GRAVELY IMPACTED PLAINTIFF'S PHYSICAL & MENTAL HEALTH. THIS IS ALL IN VIOLATION OF THE 8TH & 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION, & OF BASIC HUMAN RIGHTS & OF RELIGIOUS LIBERTIES & PROTECTIONS, [illegible]

8) TRIAL COUNSEL HAS PROVEN UTTERLY INEFFECTIVE & HAS REFUSED TO PURSUE BOND REDUCTIONS, INTERLOCUTORY APPEALS OR A SPEEDY TRIAL, DESPITE PLAINTIFF'S PLEAS & ASSERTIONS. THIS IS CLEARLY A DUE PROCESS VIOLATION UNDER THE 14TH AMENDMENT, & VIOLATIONS OF THE 6TH AMENDMENT'S CLAUSES FOR RIGHTS TO A SPEEDY TRIAL & EFFECTIVE ASSISTANCE OF COUNSEL.

9) FOR MORE THAN TWO YEARS OF HIS INCARCERATION, PLAINTIFF WAS CONFINED, NOT TO A CELL, BUT TO A 7' x 2' BUNK FOR MORE THAN 10 HOURS EACH NIGHT & OFTEN FOR COUNTLESS HOURS DURING THE DAY, & AT LEAST THREE TIMES, THIS CONFINEMENT TO HIS BUNK EXCEEDED TWENTY-FOUR HOURS EACH. THE 24-HOUR "LOCKDOWNS" WERE A FORM OF MASS PUNISHMENT & PUT PLAINTIFF IN FEAR FOR HIS SAFETY DUE TO THE VIOLENCE THAT ALWAYS ENSUED AS A RESULT OF THESE PUNISHMENTS. SINCE PLAINTIFF IS A PRETRIAL DETAINEE, THIS IS CLEARLY A VIOLATION OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION, BUT THE CRUEL & UNUSUAL PUNISHMENT CLAUSE OF THE 8TH AMENDMENT ALSO APPLIES. PLAINTIFF'S PHYSICAL & MENTAL HEALTH DETERIORATED SUBSTANTIALLY AS A RESULT OF THESE CONFINEMENTS TO HIS BUNK.

10) PLAINTIFF IS A CHRISTIAN WHO LIVES BY THE POWER & THE CONVICTION OF THE HOLY SPIRIT & THE HOLY WORD OF GOD. PLAINTIFF HAS BEEN EMPLOYED BY TWO CHURCHES & ATTENDED A CHRISTIAN COLLEGE PRIOR TO INCARCERATION. PLAINTIFF READS HIS BIBLE DAILY, PRAYS CONSTANTLY, TAKES COMMUNION & FELLOWSHIPS WITH OTHER BELIEVERS. HIS RELIGIOUS CONVICTIONS ARE CERTAINLY SINCERE, & POLICIES AT THE JAIL HAVE & ARE INFRINGING ON HIS RIGHTS TO PRACTICE HIS RELIGION FREELY, IN VIOLATION OF THE 1ST AMENDMENT OF THE U.S. CONSTITUTION. ON JANUARY 28, 2025, ALL BIBLES WITHIN THE JAIL WERE CONFISCATED. THE "BIBLES" LOCATED ON THE KIOSK-SYSTEM WERE PDF-FILES & WERE VIRTUALLY UNREADABLE. THEY ALSO WERE NOT AVAILABLE FOR MORE THAN 10 HOURS DAILY. PLAINTIFF RECEIVED A BIBLE FROM HIS FAMILY ON FEBRUARY 14, 2025, BUT WAS WITHOUT A BIBLE TO STUDY FOR NEARLY A MONTH DUE TO JAIL POLICIES OF RELIGIOUS DISCRIMINATION. LIKEWISE, THE JAIL FORCES INMATES TO CHOOSE A DENOMINATION & ONCE THEY DO, THEY ARE LIMITED TO PARTICIPATING WITH SERVICES ONLY WITH THAT DENOMINATION. PLAINTIFF IS CHRISTIAN & BELIEVES IN WORSHIPPING WITH OTHER CHRISTIANS (WHETHER CATHOLICS OR PROTESTANTS; WHETHER BAPTIST, METHODIST OR ASSEMBLY OF GOD). LIKEWISE, PLAINTIFF WAS DENIED HIS RIGHT TO PARTAKE IN OLD TESTAMENT DIETARY LAWS BY JAIL STAFF, ALL IN VIOLATION OF HIS 1ST AMENDMENT PROTECTIONS OF THE U.S. CONSTITUTION.

11) PLAINTIFF HAS BEEN DENIED MEANINGFUL (& SOMETIMES TOTAL) ACCESS TO LIBRARY SERVICES & LEARNING MATERIALS BY ADMINISTRATORS AT HIS PLACE OF CONFINEMENT. FOR THE FIRST YEAR, A BOOK CART WAS BROUGHT AROUND ONCE EVERY FOUR OR FIVE MONTHS. THEN, ONCE THE JAIL PURCHASED TABLETS, ALL BOOKS WERE CONFISCATED (JANUARY 18, 2025), EVEN THOUGH THE "BOOKS" ON THE TABLETS ARE NOTHING MORE THAN PDF-FILES & ARE VIRTUALLY UNREADABLE. JAIL STAFF ALSO FREQUENTLY RESTRICTS ACCESS TO THESE TABLETS, WHICH ALSO INCLUDE INMATES' ONLY ACCESS TO LAW LIBRARY FUNCTIONS. THIS IS CRUEL & UNUSUAL PUNISHMENT & PUNISHMENT PRIOR TO CONVICTION UNDER THE 8TH & 14TH AMENDMENTS OF THE U.S. CONSTITUTION (RESPECTIVELY).

12) JAIL STAFF COMMONLY SEARCHES INMATE ITEMS WITHOUT THE INMATES BEING PRESENT. ON SEVERAL OCCASIONS, PLAINTIFF'S LEGAL & PERSONAL PAPERWORK (INCLUDING CONFIDENTIAL & PRIVILEGED COMMUNICATIONS WITH HIS LAWYER & HIS IRREPLACEABLE INTELLECTUAL PROPERTY) HAVE BEEN SCATTERED, READ & PERUSED-THROUGH, CONFISCATED & DESTROYED, OBVIOUSLY OBSTRUCTING JUSTICE & PLAINTIFF'S ACCESS TO THE COURTS, SUBJECTING HIM TO PUNISHMENT PRIOR TO CONVICTION (14TH AMENDMENT), CRUEL & UNUSUAL PUNISHMENT (8TH AMENDMENT) AND UNLAWFUL SEARCH & SEIZURE (4TH AMENDMENT).

13) JAIL STAFF COMMONLY READS PLAINTIFF'S INCOMING & OUTGOING MAIL — INCLUDING PLAINLY-MARKED LEGAL MAIL — AND HAS DESTROYED SAID MAIL, INCLUDING PLAINTIFF'S PETITION FOR HABEAS CORPUS RELIEF HE ATTEMPTED TO FILE IN APRIL 2026. MAIL IS ALSO FREQUENTLY DELAYED & PLAINTIFF HAS PERSONALLY WITNESSED JAIL STAFF READING HIS CLEARLY-MARKED & SEALED LEGAL MAIL TO THE FLORIDA FAMILY COURTS. STAFF ALSO DISCUSSES THE CONTENTS OF THIS MAIL WITH ONE ANOTHER. THESE ARE VIOLATIONS OF THE 4TH AMENDMENT SEARCH & SEIZURE PROTECTIONS, OF THE RIGHTS OF INMATES TO ACCESS THE COURTS & OF THE 14TH & 8TH AMENDMENTS (SINCE PLAINTIFF IS A PRETRIAL DETAINEE.

14) DUE TO THIS THREE YEAR PERIOD OF CONFINEMENT, PLAINTIFF HAS LOST EVERYTHING, INCLUDING CONTACT WITH HIS CHILDREN, ALL OF HIS PROPERTY (INCLUDING HIS HOME & IRREPLACEABLE NOVELS, SHORT STORIES, POEMS & SCREENPLAYS) & MANY OF HIS RELATIONSHIPS. HE HAS NOT TOUCHED ANOTHER HUMAN OR SEEN HIS FAMILY FACE-TO-FACE IN THIRTY-THREE MONTHS. HE IS CLEARLY BEING PUNISHED (CRUELLY & UNUSUALLY, ALSO) WITHOUT DUE PROCESS, IN VIOLATION OF THE 14TH & 8TH AMENDMENTS, RESPECTIVELY.

15) PLAINTIFF WAS CRUELLY & UNUSUALLY PUNISHED WHEN, FOR MORE THAN TWO YEARS OF HIS CONFINEMENT, JAIL STAFF PLAYED A FIFTEEN-MINUTE PRISON RAPE ELIMINATION ACT VIDEO FOR MORE THAN TWO HOURS DAILY (ON REPEAT) AT A VERY LOUD VOLUME & WHILE PLAINTIFF WAS CONFINED TO HIS 7'x2' BUNK. FOR THE PAST SEVERAL MONTHS, THIS SAME VIDEO IS PLAYED ON REPEAT FOR MORE THAN TWO HOURS EACH THURSDAY EVENING. THIS IS CLEARLY CRUEL & UNUSUAL PUNISHMENT & PUNISHMENT PRIOR TO CONVICTION, PER THE 8TH & 14TH AMENDMENTS OF THE U.S. CONSTITUTION, RESPECTIVELY.

16) THE GRIEVANCE SYSTEM OFFERED AT THE JAIL IS COMPLETELY ARBITRARY. GRIEVANCES ARE SOMETIMES REMOVED FROM THE SYSTEM & PLACED IN THE REQUEST SYSTEM WHERE THERE IS NO ABILITY TO APPEAL. IT TAKES DAYS, WEEKS & SOMETIMES MONTHS TO RECEIVE A RESPONSE. MOST RESPONSES DO NOT ANSWER THE ISSUES AT HAND & THE RIGHT TO APPEAL IS COMMONLY DENIED. THERE IS A STRICT LIMIT ON THE NUMBER OF GRIEVANCES THAT CAN BE FILED AT A TIME, BUT STAFF EXPECTS INMATES TO FILE SEPARATE GRIEVANCES FOR ISSUES THAT ARE RELATED & WILL DENY THE GRIEVANCE IF MORE THAN ONE ISSUE IS BROUGHT-UP. STAFF SUCH AS LT. DRISKILL ATTACK THE PLAINTIFF & IGNORE THE PERTINENT ISSUES OF THE GRIEVANCE. PLAINTIFF HAS ALSO BEEN PLACED IN SEGREGATON & REMOVED FROM HIS JOB AS A TRUSTEE AS RETALIATION FOR FILING GRIEVANCES. THESE THINGS CLEARLY VIOLATE THE 1ST AMENDMENT OF THE U.S. CONSTITUTION (RIGHT TO REDRESS GRIEVANCES), PLAINTIFF'S 14TH AMENDMENT RIGHTS (SINCE HE HAS BEEN PUNISHED & RETALIATED AGAINST PRIOR TO CONVICTION) & HIS 8TH AMENDMENT RIGHTS TO BE FREE FROM CRUEL & UNUSUAL PUNISHMENT.

17) PLAINTIFF WAS DENIED ACCESS TO RELIGIOUS PROGRAMMING ONCE ON THE BASIS OF HIS RACE (IN VIOLATION OF DISCRIMINATION PROTECTIONS & THE 1ST AMENDMENT). HE WAS ALSO DENIED THE RIGHT TO WORK FOR YEARS DESPITE EXEMPLARY BEHAVIOR & CONDUCT, EVEN THOUGH OTHERS WHO ARE HABITUAL OFFENDERS (& VIOLENT OFFENDERS) WITHIN THE FACILITY WITH VERY HIGH BOND OR NO BOND, WITH WARRANTS & HOLDS & VERY SERIOUS CHARGES WERE ALLOWED TO WORK BECAUSE PLAINTIFF IS A DISABLED VETERAN. WHEN HE WAS FINALLY ALLOWED TO WORK, JAIL STAFF GAVE HIM A JOB THAT DID NOT FIT HIS BUSY PROGRAMMING SCHEDULE & TRIED IN MYRIAD WAYS TO MAKE HIM QUIT, ALL IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT & THE EQUAL PROTECTIONS CLAUSES.

19) PLAINTIFF HAS TWICE BEEN WRITTEN-UP FOR FALSE ALLEGATIONS AS A MEANS OF RETALIATION BY JAIL STAFF [illegible]

Case 3:26-cv-01410 Document 1 Filed 10/02/26 Page 15 of 27 PageID #: 15

ALTHOUGH HE WAS ULTIMATELY FOUND "NOT GUILTY," PLAINTIFF WAS SUBJECTED TO PUNISHMENT PRIOR TO CONVICTION & TO CRUEL & UNUSUAL PUNISHMENT, IN VIOLATION OF THE 14TH & 8TH AMENDMENTS, RESPECTIVELY. DISCIPLINARY BOARD PROCEEDINGS WERE ARBITRARY & PLAINTIFF WAS NOT ALLOWED TO REVIEW EVIDENCE AGAINST HIM, CALL WITNESSES OR EVEN HEAR THE POLICE REPORT.

20) PLAINTIFF HAS NOT ONLY SOUGHT ADMINISTRATIVE REMEDIES THROUGH THE JAIL'S GRIEVANCE & APPEALS SYSTEM, BUT HAS ALSO TRIED CONTACTING THE SHERIFF, TENNESSEE CORRECTIONS INSTITUTE & OTHER AGENCIES & HIS ATTEMPTS TO OBTAIN THEIR CONTACT INFORMATION HAVE BEEN DENIED BY JAIL STAFF & ADMINISTRATION, THEREBY FURTHER OBSTRUCTING JUSTICE & DENYING PLAINTIFF'S RIGHTS TO PETITION THE GOVERNMENT IN VIOLATION OF THE 1ST AMENDMENT.

21) RESPONDENTS OBSTRUCTED JUSTICE BY DENYING HIM COPIES OF HIS GRIEVANCES & REQUESTS (INCLUDING THOSE HE COULD NOT ACCESS ELECTRONICALLY DUE TO A CHANGE OF SYSTEMS) FOR MONTHS, & WHEN HE WAS FINALLY GIVEN COPIES, HE WAS CHARGED SUBSTANTIALLY FOR THEM, EVEN THOUGH THEY DID NOT CONTAIN ALL OF THE GRIEVANCES & REQUESTS HE ASKED FOR & MANY WERE USELESS DUPLICATES INCLUDED SOLELY TO OBSTRUCT JUSTICE & INFLATE COSTS TO THE PLAINTIFF. THIS DELAYED PLAINTIFF'S ABILITY TO PETITION FOR REDRESS OF GRIEVANCES PER THE 1ST AMENDMENT OF THE U.S. CONSTITUTION.

22) PLAINTIFF WAS THE VICTIM OF FRAUD (FOR WHICH HIS MONEY WAS TAKEN AS PAYMENT) & THEFT (WHEN HE WAS CHARGED FOR MEDICATION HE DIDN'T WANT & NEVER RECEIVED), & RESPONDENTS, WHO ARE POLICE OFFICERS, REFUSED HIS REQUESTS TO FILE POLICE REPORTS IN THESE CASES.

23) PLAINTIFF WAS SUBJECTED TO 14TH & 8TH AMENDMENT VIOLATIONS WHEN HIS DORM CAPABLE OF HOUSING UP TO THIRTY MEN WAS OVERCROWDED WITH 33 PEOPLE WITH FOUR TOILETS THAT CANNOT BE USED MORE FREQUENTLY THAN FIVE MINUTES APART & WITH ONE WORKING SHOWER.

24) PLAINTIFF IS BEING PUNISHED PRIOR TO CONVICTION (14TH AMENDMENT) & HAS ACCESS TO RAZORS FOR ONE HOUR EACH WEEK & CLIPPERS ONCE PER WEEK (BUT NO ACCESS TO A BARBER). HYGIENE & SHAVING ARE ESSENTIAL TO PLAINTIFF'S SINCERELY-HELD RELIGIOUS CONVICTIONS (1ST AMENDMENT) & CAN IMPACT COURT PROCEEDINGS.

25) REQUIRING INMATES TO PURCHASE MATERIALS USED TO WRITE & PETITION THE COURTS & TO PAY TAXES & FEES ON THOSE ITEMS CREATES AN UNNECESSARY [illegible] PLAINTIFF'S [illegible] ACCESS THE [illegible] (1ST AMENDMENT)

Case 3:26-cv-01410 Document 1 Filed 10/02/26 Page 16 of 27 PageID #: 16

26) ON TWO OCCASIONS, PLAINTIFF WAS SINGLED-OUT BY DEPUTIES WHEN THEY MADE HIM (BUT NOT THE THREE OTHER INMATES WITH HIM) BEND AT THE WAIST & SPREAD HIS BUTT CHEEKS AS PART OF A STRIP SEARCH. ONE ONE SUCH OCCASION, THE DEPUTY STATED PLAINLY, "IF YOU DON'T LIKE IT, DON'T COME TO JAIL." THIS WAS CLEARLY PUNITIVE, IN VIOLATION OF THE 8TH & 14TH AMENDMENTS (SINCE PLAINTIFF IS A PRETRIAL DETAINEE) & OF THE PRISON RAPE ELIMINATION ACT.

27) IN JULY 2026, PLAINTIFF HAD LABS DRAWN WHICH INDICATED LIVER ENZYMES MORE THAN FOUR TIMES HIGHER THAN THE NORMAL RANGE. THE NURSE PRACTITIONER OPINED THAT THESE TOXIC LEVELS WERE DUE TO THE "SHITTY JAIL FOOD," AS SHE CALLED IT. DESPITE THIS & HIS CONSISTENT DIGESTIVE ISSUES, STAFF IS UNWILLING TO CHANGE HIS DIET OR TO LOOK FURTHER INTO THE SOURCE OF HIS DIGESTIVE ILLNESSES. VITAMIN SUPPLEMENTS ARE NEITHER OFFERED NOR PROVIDED & PLAINTIFF'S PHYSICAL & MENTAL HEALTH HAVE DETERIORATED SUBSTANTIALLY AS A RESULT OF THIS WILLFUL NEGLIGENCE & RECKLESS BEHAVIOR BY JAIL STAFF & THEIR CONTRACTED MEDICAL PROVIDER. THIS IS CRUEL & UNUSUAL PUNISHMENT, VIOLATING PLAINTIFF'S 8TH & 14TH AMENDMENT PROTECTIONS, AS WELL.

28) WHEN PLAINTIFF WAS FINALLY ALLOWED TO WORK AS A TRUSTEE, HE WAS CONTINUALLY TARGETED FOR INDIVIDUAL SEARCHES & SEIZURES & FOR RETALIATORY ACTS, INCLUDING A WRITE-UP THAT RESULTED IN HIS SEGREGATION FOR PUNISHMENT. AFTER BEING FOUND NOT GUILTY OF THESE OFFENSES, STAFF RETALIATED AGAINST HIM BY NOT ALLOWING HIM TO WORK FOR SEVERAL DAYS, BY PLACING HIS SHEETS & BLANKETS OUTSIDE THE POD ON THE FLOOR FOR 5 HOURS & NOT WASHING THEM BEFORE THEY WERE RETURNED AND ON 7/22/2026, BY THE SHIFT SUPERVISOR, SERGEANT VARNI, RESPONDING TO REQUESTS FOR ACCESS TO WATER WHILE WORKING BY REFILLING THE WATER CONTAINER WITH A HOSE THAT SITS IN THE FLOOR DRAIN IN THE KITCHEN & IS COVERED WITH MOLD & DEBRIS WHICH WAS CLEARLY FLOATING IN THE WATER PLAINTIFF HAD TO DRINK. THE ICE MACHINE ALSO HAD MOLD, YEARS-OLD MILK & JUICE BOXES & DEBRIS INSIDE IT. THIS MADE PLAINTIFF SICK & IS AN EXAMPLE OF PUNISHMENT PRIOR TO CONVICTION & CRUEL & UNUSUAL PUNISHMENT (14TH & 8TH AMENDMENTS) AND RETALIATION PROTECTIONS.

29) PLAINTIFF IS CONTINUALLY SUBJECTED TO UNSANITARY CONDITIONS, AS MOLD & MILDEW FILL LIVING SPACES WITHIN THE JAIL & REMAIN UNADDRESSED BY STAFF, IN VIOLATION OF 14TH & 8TH AMENDMENT PROTECTIONS FROM PRETRIAL PUNISHMENT & CRUEL & UNUSUAL PUNISHMENT.

30) PLAINTIFF HAS BEEN CONTINUALLY RETALIATED AGAINST FOR HIS CHARGES (OF WHICH HE HAS NOT BEEN CONVICTED), WHICH STAFF USED TO JUSTIFY NOT ALLOWING HIM TO WORK FOR YEARS, EVEN WHILE ALLOWING OTHERS WITH SIMILAR CHARGES & MORE SERIOUS CHARGES, MULTIPLE WRITE-UPS WITHIN THE FACILITY & HIGH & NO-BOND AMOUNTS TO WORK. EVEN AFTER BEING ALLOWED TO WORK, PLAINTIFF WAS TOLD HE WAS NOT ELIGIBLE FOR OTHER JOBS THESE INMATES WERE ASSIGNED TO BECAUSE OF HIS BOND AMOUNT. HE WAS ALSO CONTINUALLY TARGETED FOR INDIVIDUAL SEARCHES & HAD HIS PROPERTY UNLAWFULLY SEIZED, HAD FALSE CHARGES LEVIED AGAINST HIM WHICH RESULTED IN HIS TEMPORARY SEGREGATION IN A DISCIPLINARY UNIT WITH A CELLMATE WHO WAS INSANE, DANGEROUS & ON PROPERTY RESTRICTION. STAFF COMMENTED ONCE HE WAS FOUND NOT GUILTY THAT THEY WERE SURPRISED HIS CELLMATE DID NOT TRY TO FIGHT HIM BECAUSE "HE TRIES TO FIGHT EVERYONE ELSE." THIS CLEARLY VIOLATED HIS RIGHTS UNDER THE 14TH & 8TH AMENDMENTS, AS WELL AS UNDER THE AMERICANS WITH DISABILITIES ACT (SINCE HE IS A DISABLED VETERAN) & IT PLACED HIM IN FEAR OF DEATH OR SERIOUS BODILY HARM & WAS/IS A CONSTANT SOURCE OF STRESS IN HIS LIFE.

31) ON 7/27/2026, PLAINTIFF WAS PUNISHED FOR FILING A GRIEVANCE BY BEING REMOVED FROM THE WORK POD & PLACED IN GENERAL POPULATION, & AGAIN ON 7/31/2026 FOR HIS PERCEIVED ROLE IN A LAWSUIT WHEN THEY PLACED HIM IN ADMINISTRATIVE SEGREGATION WITH ONLY TWO OTHER OCCUPANTS WHO WERE ALSO SUBJECTED TO THIS RETALIATION FOR A TIME WITHOUT PHONES OR VIDEO CHAT & TABLET ACCESS (EVEN THOUGH THE REST OF GENERAL POPULATION HAD ACCESS TO THESE). THESE WERE LATER CORRECTED, BUT STAFF CONTINUES TO RESTRICT PHONE ACCESS INTERMITTENTLY (WHILE THEY REMAIN AVAILABLE THROUGHOUT THE REST OF THE JAIL) & ONLY TWO CHANNELS WORK — PBS & THE PRISON RAPE ELIMINATION ACT CHANNELS — AND PLAINTIFF IS NEXT DOOR TO CONVICTED SEX OFFENDERS WHO SAY HORRIBLE THINGS THROUGH THE DOOR THAT MAKE PLAINTIFF FEAR FOR HIS SAFETY. THESE THINGS VIOLATE THE 1ST AMENDMENT PROTECTIONS OF PETITION, LAWS AGAINST RETALIATION, & THE 14TH & 8TH AMENDMENT PROTECTIONS FOR PRETRIAL DETAINEES & CRUEL & UNUSUAL PUNISHMENT.

32) PLAINTIFF FEARS JAIL STAFF & ADMINISTRATORS FOR THEIR CONDUCT AGAINST HIM & OTHERS. PLAINTIFF [illegible]

ENDURED EMOTIONAL & VERBAL ABUSE & MANY STAFF MEMBERS USE FOUL, AGGRESSIVE & ABUSIVE LANGUAGE CONSTANTLY. HE HAS BEEN MASS-PUNISHED FOR OTHER INMATES' BEHAVIOR, INCLUDING HAVING HIS TABLET ACCESS RESTRICTED & BEING PLACED ON "LOCKDOWN" (CONFINEMENT TO HIS BUNK). HE HAS BEEN TOLD TO "POLICE OTHER INMATES' BEHAVIOR" TO AVOID PUNISHMENT. HE WAS PLACED IN A CELL WITH AN INSANE & DANGEROUS INMATE WHILE IN PUNITIVE SEGREGATION AWAITING DISCIPLINARY BOARD. HE REPORTED INCIDENCES OF AN INMATE (WHO BRUTALLY BEAT ANOTHER INMATE) BEHAVING ABUSIVELY & AGGRESSIVELY, EVEN ENGAGING IN OVERT SEXUAL ABUSE, & HIS REPORTS WERE IGNORED. PLAINTIFF & OTHER INMATES FEARED FOR THEIR LIVES DURING THIS MONTHS-LONG CONFINEMENT WITH THIS ABUSER. HE HAD FREE REIGN & STAFF DID NOTHING. PLAINTIFF WITNESSED A FIGHT BETWEEN A STRAIGHT, WHITE, CHRISTIAN MALE & AN AGNOSTIC HISPANIC MALE, AFTER WHICH ONLY THE WHITE MALE WAS PUNISHED OR REMOVED FROM THE POD, EVEN THOUGH IT WAS INSTIGATED BY THE HISPANIC MALE & EVERY HISPANIC MALE IN THE POD THEN CLOSED-IN ON OUR SLEEPING AREA & THREATENED THE WHITE RESIDENTS. PLAINTIFF FEARED FOR HIS LIFE, BUT STAFF DID NOTHING IN RESPONSE TO THESE REPORTS. PLAINTIFF HAS BEEN PLACED IN CONFINED LIVING QUARTERS WITH INMATES SUFFERING FROM HIV, HEPATITIS & OTHER COMMUNICABLE DISEASES, PLACING HIM AT RISK OF EXPOSURE. LAUNDRY WAS WASHED FOR MONTHS WITH NO CLEANING AGENT AT ALL & THEN WITH THE DANGEROUS CHEMICAL "RAZOR CITRUS BREEZE III." RAZOR CITRUS BREEZE III SPRAY BOTTLES WERE NOT LABELED OR WERE FALSELY LABELED "SIMPLE GREEN" SO THAT PLAINTIFF & OTHER INMATES THOUGHT IT WAS SAFE TO USE ON SKIN & FOOD SURFACES. THIS IS A VIOLATION OF OSHA & EPA STANDARDS. PLAINTIFF WAS PLACED IN A CELL COVERED IN URINE & FECES FOR MORE THAN 12 HOURS BEFORE IT WAS FINALLY CLEANED. PLAINTIFF WAS FORCED, ON MULTIPLE OCCASIONS, TO HANDLE ITEMS COVERED IN BODILY FLUIDS SUCH AS FECES WITHOUT PROPER PERSONAL PROTECTIVE EQUIPMENT, & STAFF LEFT FECES-COVERED PANTS IN THE DORM MERE FEET FROM LIVING & SLEEPING AREAS FOR FOUR DAYS BEFORE REMOVING THEM. STAFF MEMBERS HAVE ALSO TOLD OTHER INMATES ABOUT PLAINTIFF'S & OTHER INMATES' GRIEVANCES IN HOPES THOSE INMATES WOULD RETALIATE & HARM THE PLAINTIFF, PLACING HIM IN FEAR FOR HIS LIFE. THESE ISSUES REPRESENT [illegible] ON BEHALF OF [illegible] STAFF [illegible]

PLAINTIFFS' 14TH AMENDMENT PROTECTIONS FROM PUNISHMENT PRIOR TO CONVICTION, + THE 8TH AMENDMENT PROTECTIONS FROM CRUEL + UNUSUAL PUNISHMENT, & HIS 1ST AMENDMENT RIGHTS TO PETITION FOR REDRESS OF GRIEVANCES.

33) PLAINTIFF WAS PLACED ON SUICIDE WATCH SEVERAL DAYS AFTER BEING ARRESTED IN NOVEMBER 2023 DUE TO HIS CHARGES, DESPITE DENYING SUICIDAL OR HOMICIDAL IDEATIONS & BEING ORIGINALLY PLACED IN GENERAL POPULATION. HE WAS PLACED ON SUICIDE WATCH AGAIN IN SEPTEMBER 2025 AS RETALIATION FOR FILING A GRIEVANCE. SUICIDE WATCH ENTAILS RESTRICTION WITH NO PROPERTY, NO CLOTHES, NO SLEEPING MAT, NO SHOWERS OR ABILITY TO BRUSH TEETH OR SHAVE & NO CONTACT WITH OTHERS. THESE WERE PUNITIVE & RETALIATORY ACTIONS IN VIOLATION OF THE 8TH & 14TH AMENDMENTS OF THE U.S. CONSTITUTION.

34) PLAINTIFF IS SUBJECTED TO MEDICAL NEGLIGENCE + MALPRACTICE & IS BEING DENIED ALL VISION & DENTAL CARE & IS EXPERIENCING PAIN + WORSENING SYMPTOMS AS A RESULT. PLAINTIFF IS EXPERIENCING DIGESTIVE ISSUES THAT MEDICAL STAFF HAS NOT EVEN ATTEMPTED TO ADDRESS OR DIAGNOSE. PLAINTIFF HAS BEEN DENIED MENTAL HEALTH CARE (EXCEPT MEDICATION) SINCE HIS INCARCERATION. PLAINTIFF LIKEWISE ENDURED A MONTHS-LONG RASH & SEVERE JOINT PAIN MEDICAL STAFF REFUSED TO ADDRESS UNTIL AFTER HIS SYMPTOMS FINALLY STOPPED ON THEIR OWN. HE WAS CHARGED FOR MEDICINE HE NEVER RECEIVED. HIS SERVICE-CONNECTED DISABILITIES HAVE BEEN IGNORED & MINIMIZED AS UNIMPORTANT. THIS HAS LED TO WORSENING PHYSICAL & MENTAL HEALTH CONDITIONS & HAS MADE PLAINTIFF FEAR FOR HIS SAFETY AS HE SUFFERS FROM ENDURING CONDITIONS. THERE IS NO PRIVACY FROM JAIL DEPUTIES OR INMATES WHILE DISCUSSING MEDICAL CONDITIONS + ISSUES, IN VIOLATION OF HIPPAA LAWS. LIKEWISE, THIS MISTREATMENT REPRESENTS MEDICAL NEGLIGENCE + MALPRACTICE & VIOLATIONS OF PLAINTIFF'S 14TH & 8TH AMENDMENT RIGHTS.

35) WHILE COLLUDING WITH PLAINTIFF'S APPOINTED ATTORNEY, DETECTIVES + PROSECUTORS SLANDERED + DEFAMED PLAINTIFF TO HIS THEN-WIFE & PRESSURED HER TO DIVORCE PLAINTIFF + TO STOP ALLOWING HIM + HIS FAMILY TO CONTACT THEIR MINOR CHILDREN. IN ADDITION TO BEING UNETHICAL & LIKELY A BREACH OF OTHER LAWS AS WELL, THIS IS OBVIOUSLY A METHOD OF CRUELLY + UNUSUALLY PUNISHING PLAINTIFF PRIOR TO CONVICTION, IN VIOLATION OF THE 8TH + 14TH AMENDMENT OF THE U.S. CONSTITUTION.

Case 3:26-cv-01410 Document 1 Filed 10/02/26 Page 20 of 27 PageID #: 20

## DAMAGES & INJURIES

1) ALL DAMAGES & INJURIES LISTED HEREIN ARE PREDICATED ON PLAINTIFF'S EXCESSIVE BOND, SET & MAINTAINED AT AN EXORBITANT AMOUNT BY INDIVIDUALS ELECTED BY THE CITIZENS OF FRANKLIN & WILLIAMSON COUNTY, TENNESSEE. PLAINTIFF HAS LOST NEARLY THREE YEARS IN THE PRIME OF HIS LIFE, HIS MARRIAGE, CONTACT WITH HIS CHILDREN, & ALL PROPERTY AS A RESULT (INCLUDING: IRREPLACEABLE INTELLECTUAL PROPERTY: 3 NOVELS & COUNTLESS SHORT STORIES & POEMS & SCREENPLAYS; HIS HOME VALUED $240,000; HIS VEHICLES VALUED $20,000 & $12,000, RESPECTIVELY; CLOTHING, ELECTRONICS & MISCELLANEOUS PROPERTY VALUED MORE THAN $50,000; SAVINGS, INCLUDING HIS 401K VALUED AT A TOTAL EXCEEDING $50,000 & INCREASING IN VALUE ANNUALLY). HIS MENTAL & PHYSICAL HEALTH HAVE DETERIORATED SUBSTANTIALLY & HE LIVES IN MENTAL & PHYSICAL ANGUISH. HE WAS DEPRIVED OF LIFE, LIBERTY & THE PURSUIT OF HAPPINESS WITHOUT DUE PROCESS OF LAW. EVEN HIS 800+ CREDIT SCORE HAS BEEN DECIMATED, HIS REPUTATION HAS BEEN RUINED & HE HAS LOST CONTACT WITH FRIENDS. HE HAS LOST FAITH & CONFIDENCE IN THE LEGAL SYSTEM & IN LAW ENFORCEMENT & IS NOW GRAVELY AFFRAID OF LAW ENFORCEMENT OFFICERS & STATE ACTORS. LIKEWISE FRANKLIN POLICE DEPARTMENT'S LOSS/DESTRUCTION OF EXCULPATORY EVIDENCE IRREPARABLY DAMAGED PLAINTIFF'S DEFENSE IN HIS CRIMINAL CASE & ITS SEIZING OF PROPERTY CLEARLY NOT RELEVANT TO THE CASE DEPRIVED PLAINTIFF OF SAID PROPERTY & PREJUDICED THE COURT AGAINST HIM (DETECTIVE KYLE BRINK WAS THE INVESTIGATOR IN CHARGE OF PLAINTIFF'S CRIMINAL CASE). ELECTED OFFICIALS (JUDGES & PROSECUTORS) REFUSED TO DISMISS PLAINTIFF'S CRIMINAL CASE OR TO APPOINT HIM A COMPETENT ATTORNEY OR TO PROTECT HIS RIGHTS TO A SPEEDY TRIAL, TO PUNISHMENT PRIOR TO CONVICTION & TO CRUEL & UNUSUAL PUNISHMENT. ALL OF THESE RESULTED IN SUBSTANTIAL DAMAGE TO PLAINTIFF'S PHYSICAL, MENTAL & FINANCIAL WELLBEING, AS WELL AS TO HIS REPUTATION & HIS CRIMINAL CASE AS A WHOLE. WILLIAMSON COUNTY & THE CITY OF FRANKLIN ARE LIABLE FOR THESE DAMAGES PLAINTIFF INCURRED AT THE HANDS OF OFFICIALS THEY ELECTED & APPOINTED.

2) MARIOTT'S FAILURE TO MAINTAIN WORKING SECURITY CAMERAS IN THEIR COURTYARD & PARKING LOT CREATED A DANGEROUS ENVIRONMENT FOR ITS GUESTS & IRREPARABLY DAMAGED PLAINTIFF'S CRIMINAL CASE. IF PLAINTIFF WAS OVER-SERVED BY BARTENDERS WHILE HE WAS SO INTOXICATED HE COULD NOT CONSENT, THAT [illegible]

3) ALL INTERNAL REMEDIES HAVE BEEN EXHAUSTED VIA THE JAIL'S GRIEVANCE SYSTEM & PLAINTIFF HAS EVEN GONE SO FAR AS TO CONTACT THE SHERIFF ABOUT THE MANY WRONGS HE HAS BEEN SUBJECTED TO AT THE HANDS OF WILLIAMSON COUNTY JAIL'S ADMINISTRATION & STAFF. SHERIFF HUGHES, CHAD YOUKER, JASPER DRISKILL, SETH OBERMEYER, ASHLEY LINDQUIST, LEE ANN THOMPSON & THE MAYOR OF FRANKLIN ARE ALL LIABLE, SINCE THEY WERE AWARE, EITHER IN WHOLE OR IN PART, OF THE WRONGS COMMITTED UNTO PLAINTIFF. PLAINTIFF'S PHYSICAL & MENTAL HEALTH HAVE DEGRADED SUBSTANTIALLY & HE IS IN NEAR-CONSTANT ANGUISH & FEAR FOR HIS SAFETY FROM LAW ENFORCEMENT & INMATES THAT ARE WORKING WITH THEM TO INCUR FAVOR OR AVOID PUNISHMENT. HIS SPIRITUAL HEALTH IS LIKEWISE DAMAGED DUE TO THE ACTIONS OF RESPONDENTS & THEIR MINIONS AT THE JAIL. PLAINTIFF NO LONGER TRUSTS LAW ENFORCEMENT & IS AFRAID & PARANOID AT ALL TIMES. PLAINTIFF'S DEPRESSION, ANXIETY & CHRONIC PAIN HAVE SUBSTANTIALLY WORSENED, MAKING IT DIFFICULT FOR PLAINTIFF TO EVEN GET OUT OF BED IN THE MORNING (OR TO SLEEP AT NIGHT DUE TO FEAR & ANXIETY). PLAINTIFF FEARS HOMOSEXUALITY NOW & ALL HOMOSEXUALS & THE POSSIBILITY OF RAPE OR SEXUAL ASSAULT, WHICH HE NEVER ENDURED PRIOR TO HIS INCARCERATION. THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS HAS CAUSED MENTAL ANGUISH TO PLAINTIFF. PLAINTIFF CONSTANTLY FEARS RETALIATION FOR HIS LAWFUL CONDUCT & PURSUIT OF PROTECTED ACTIONS AND IS IRREPARABLY DAMAGED EMOTIONALLY, PHYSICALLY & MENTAL DUE TO THE CONDUCT OF RESPONDENTS & THEIR UNDERLINGS.

4) PLAINTIFF IS SUFFERING SUBSTANTIALLY PHYSICALLY, MENTALLY & EMOTIONALLY DUE TO TURNKEY MEDICAL & ITS STAFF'S WILLFUL NEGLIGENCE & MALPRACTICE IN RELATION TO HIS PHYSICAL, MENTAL, DENTAL & VISION HEALTHCARE SINCE HIS INCARCERATION. PLAINTIFF'S PHYSICAL & MENTAL HEALTH HAVE DETERIORATED SUBSTANTIALLY & HE IS EXPERIENCING NEAR-DAILY DIGESTIVE ISSUES THAT ARE MAKING HIM MISERABLE & LETHARGIC. HIS DEPRESSION & ANXIETY ARE WORSE THAN EVER. HE HAS CONSTANT DENTAL & JAW PAIN THAT MAKE IT DIFFICULT TO SLEEP & EVEN TO SPEAK. HE HAS NEAR-CONSTANT, EXCRUCIATING HEADACHES DUE TO HIS POOR, UNTREATED VISION. THE DAMAGE TO HIS HEALTH IS LIKELY IRREPARABLE & PLAINTIFF FEARS RETALIATION FOR EVEN ASKING FOR HELP. HE IS AFRAID FOR HIS LIFE & WELL-BEING & IS ENDURING DAILY, CONSTANT PAIN & SUFFERING THAT IS NOT ONLY SUBSTANTIAL, BUT ALSO DEBILITATING.

## CONCLUSION

PLAINTIFF HAS EXHAUSTED ALL INTERNAL REMEDIES DESPITE RESPONDENTS' ATTEMPTS TO OBSTRUCT JUSTICE & TO RETALIATE AGAINST PROTECTIVE ACTIVITIES. HE FEARS RETALIATION FOR THIS ACTION, AS WELL, & IS SENDING IT TO HIS MOTHER TO ENSURE IT IS SAFELY & APPROPRIATELY FILED IN LIGHT OF RESPONDENTS' DESTRUCTION OF MAIL IN THE PAST. PLAINTIFF IS SUFFERING & HAS SUFFERED SUBSTANTIALLY AT THE HANDS OF RESPONDENTS & THEIR SUBORDINATES. HE IS PRAYING FOR RELIEF FOR THE WRONGS HE HAS & IS ENDURING.

---

## PRAYERS FOR RELIEF

1) IN LIGHT OF HIS CONSTITUTIONAL RIGHTS TO AFFORDABLE BOND, SPEEDY TRIAL, EFFECTIVE ASSISTANCE, & PROTECTION FROM PUNISHMENT PRIOR TO CONVICTION & CRUEL & UNUSUAL PUNISHMENT BEING GRIEVOUSLY & IRREPARABLY VIOLATED, ALONG WITH THE STATE'S FAILURE TO COLLECT & PRESERVE EXCULPATORY EVIDENCE NECESSARY TO ENSURE A FAIR TRIAL, PLAINTIFF IS PRAYING THAT HIS CHARGES BE DISMISSED WITH PREJUDICE.

AND/OR

2) IF HIS CHARGES ARE NOT DISMISSED, PLAINTIFF IS AT LEAST REQUESTING RELEASE ON HIS OWN RECOGNIZANCE WHILE AWAITING TRIAL (CURRENTLY SCHEDULED FOR JULY 31, 2027).

AND/OR

3) PLAINTIFF IS SEEKING SANCTIONS AGAINST SHERIFF JEFF HUGHES, CHAD YOUKER, JASPER DRISKILL, ASHLEY LINDQUIST & SETH OBERMEYER, AND THAT CHAD YOUKER, JASPER DRISKILL, ASHLEY LINDQUIST & SETH OBERMEYER BE RELIEVED OF THEIR POSITIONS AT THE JAIL.

AND/OR

4) PLAINTIFF IS SEEKING THE RELEASE OF EMPLOYMENT RECORDS FROM MARIOTT IN COOL SPRINGS FOR ALL BARTENDERS WHO WORKED THERE THE EVENING OF NOVEMBER 11, 2023 & FOR STATEMENTS FROM THOSE BARTENDERS PERTAINING TO THEIR RECOLLECTION OF SERVICE TO THE PLAINTIFF THAT EVENING.

[illegible] AND/OR

5) P[illegible] FINANCIAL RELIEF F[illegible] WILL [illegible]

WILLIAMSON COUNTY SHERIFF'S OFFICE, AND/OR TURNKEY MEDICAL FOR THEIR COMPLICITY IN PLAINTIFF'S DAMAGES + INJURIES IN THE FOLLOWING AMOUNTS:

A) LOSS OF INCOME (3 YEARS): $200,000

B) INTENTIONAL MENTAL ANGUISH: $5,000,000

C) PHYSICAL ANGUISH: $5,000,000

D) EMOTIONAL DISTRESS: $5,000,000

E) PAIN + SUFFERING: $10,000,000

F) VEHICLES, SAVINGS + MISCELLANEOUS PROPERTY: $200,000

G) IRREPLACEABLE INTELLECTUAL PROPERTY: $10,000,000

H) DESTRUCTION OF MARRIAGE/ CHILD SUPPORT: $5,000,000

I) LOSS OF HOME: $300,000

J) DESTRUCTION OF CREDIT: $1,000,000

K) LOSS OF TIME + REPUTATION: $10,000,000

TOTAL: $51,500,000

AND/OR

6) ALL FEES, COURT COSTS, ATTORNEY FEES + MISCELLANEOUS FEES ASSOCIATED WITH THIS ACTION AWARDED TO PLAINTIFF.

AND/OR A JURY TRIAL. AND/OR

7) ALL OTHER RELIEF DEEMED PROPER.

RESPECTFULLY SIGNED,

[signature] / CODY HEATH WIGGINS 8/6/2026
PLAINTIFF

DECLARATION

I, CODY HEATH WIGGINS, HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT I HAVE REVIEWED & SIGNED ALL DOCUMENTS HEREIN CONTAINING MY PURPORTED SIGNATURE. I FURTHER DECLARE THAT, PURSUANT TO FRCP 11, I BELIEVE I HAVE MADE A LEGAL CLAIM, AM NOT FILING THIS FOR AN IMPROPER PURPOSE, & MY CLAIMS ARE SUPPORTED BY EVIDENCE.

[signature] / CODY HEATH WIGGINS - #69253

9/28/2026

Cody Heath Wiggins - #69253
Williamson County Jail
408 Century Ct.
Franklin, TN 37064




RECEIVED
OCT 02 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Clerk, US District Court
719 Church St.
#1300
Nashville, TN 37203

[LEGAL MAIL]

[LEGAL MAIL]

This correspondence is from an inmate in a
correctional institution. The Williamson
County Sheriff's Office has neither
censored nor inspected this item.
Therefore this department does not
assume responsibility for its contents.
Williamson County Sheriff's Office